UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER PARKER,

      Plaintiff,

v.                                                                                    Case No. 8:07-CV-436-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social
Security

      Defendant.

_____/

## ORDER

Pursuant to 5 U.S.C. § 552(A) and 28 U.S.C. § 1361, the Plaintiff seeks a writ of mandamus and declaratory relief. Readily admitting he has failed to exhaust his administrative remedies, Plaintiff requests judicial review of matters surrounding the Social Security Administration's ("SSA") recoupment of overpaid SSI benefits and an order directing the SSA to reimburse him for the withheld amounts. Presently before the Court is the Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust his administrative remedies and failure to meet the standard for mandamus. Alternatively, the Defendant claims Plaintiff should seek a remedy not against the SSA, but against his former wife who allegedly received and spent the Plaintiff's social security benefits while he was incarcerated. After consideration, I find it is unclear whether subject matter jurisdiction in this Court is proper; therefore, it is necessary to supplement the record.

*A. Background*

The complaint sets forth that Plaintiff received Social Security disability benefits, and that

his probation officer called the social security administration in 2003 to advise he was going to jail so that his benefits could be discontinued.  Based on his conversation with his probation officer, Plaintiff believed his benefits were discontinued during his incarceration.  Unbeknownst to Plaintiff, however, while he was incarcerated his estranged wife Christina Parker opened a joint bank account in her and Plaintiff's names and directed the SSA to deposit her husband's benefits checks directly into the account.  Apparently, Mrs. Parker used her husband's benefits deposited into the joint account by the SSA for her own benefit.  When Plaintiff visited a Social Security branch office in March 2005 after his release from jail to request that his benefits be resumed, he was advised that because his benefits were paid to him during his incarceration he had been overpaid.  To recover the overpayment, the SSA suspended his future benefits.  Plaintiff alleges he "sought an appeal" but was "told he could not appeal this determination."  Complaint, ¶ 8.  According to Plaintiff, he began receiving full benefits once again in September 2005, but the next month was advised a portion of his benefits would be withheld for an additional eight months to satisfy overpayments.  Complaint, ¶¶ 12, 13.

Defendant filed an affidavit of its program analyst Tonya M. Neyenhouse disputing the most of the facts contained in Plaintiff's complaint.  *See* doc. 11-2.  First, Defendant claims Plaintiff received Supplemental Security Income, not disability benefits.  Defendant disputes the dates of Plaintiff's incarceration, claiming he was incarcerated in October 2000 (not 2003) and that he received an overpayment from October 2000 through December 2000.  Although he filed a new application for benefits on January 2, 2002, he was denied benefits due to excess income, he reapplied and was awarded benefits effective April 2002.  Thereafter, he "double negotiated" his SSI benefits checks in January and February 2002, resulting in overpayment, and was a fugitive felon

from November 2003 through February 2004. Plaintiff was incarcerated from March 2004, and had

overpayment from November 2003 and March 2004, made to a direct deposit account. Plaintiff filed

a new application for benefits on March 14, 2005, and began receiving payments in April 2005.

SSA withheld the full amount of Plaintiff's benefits from April through July 2005, SSA began

withholding ten percent of his benefits in August 2005, and SSA completed withholding SSI

payments in April 2007 (doc. 11-2).

### B. *Standard of Review*

Dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is appropriate

when the court lacks statutory or constitutional authority to adjudicate a case. The party invoking

jurisdiction bears the burden of producing necessary facts to establish subject matter jurisdiction.

*Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Subject matter can be challenged facially

or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). While facial attacks

require the court to see whether plaintiff's complaint sufficiently alleges a basis for subject matter

jurisdiction and the court accepts all factual allegations as true, factual attacks challenge the

"existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside

the pleadings, such as testimony and affidavits, are considered." *Id.* A factual attack on subject

matter jurisdiction is an attack on the "trial court's jurisdiction – its very power to hear the case,"

and the presumption of truthfulness afforded a plaintiff's allegations under Rule 12(b)(6) does not

attach. In a factual attack, the trial court may proceed as it never could under 12(b)(6) or

Fed.R.Civ.P. 56, and the existence of disputed material facts will not preclude the trial court from

weighing the evidence and evaluating for itself the merits of the jurisdictional claims.[1] *Id. See also*

*Scarfo v. Ginsberg*, 175 F.3d 957 (11th Cir. 1999) ("when faced with factual disputes regarding

subject matter jurisdiction the district court serves as the fact-finder and may weigh the evidence,

provided that the challenge to subject matter jurisdiction does not implicate an element of the cause

of action").

Jurisdiction over cases arising under the Social Security Act exists under 42 U.S.C. §405(g)

and (h) and the Mandamus Act, 28 U.S.C. § 1361. Section 405(g) allows for judicial review by

commencement of a civil action within sixty days of a "final decision of the Commissioner of Social

Security" and § 405(h) specifically bars judicial review except as otherwise provided in the Act.

The Commissioner may waive the exhaustion requirement when deemed futile, and in "certain

special cases" a court may deem it inappropriate to defer to the Commissioner's discretion and may

exercise jurisdiction despite a lack of exhaustion. Such a case exists when a plaintiff makes a

"procedural challenge wholly "collateral" to his claim for benefits, and where he makes a colorable

---

[1] However, the district court should only rely on Rule 12(b)(1) "if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Garcia v. Copenhaver et al.,* 104 F.3d 1256 (11th Cir. 1997). If a jurisdictional challenge does implicate the merits of the underlying claim, the proper course of action is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. In those instances, the district court proceeds under either Rule 12(b)(6) with requires it to take the complaint at face value, or Rule 56. *See, e.g., Garcia* at 1261 (finding district court erred in resolving questions of fact in a 12(b)(1) motion where issue of whether Garcia was an "employee" and whether Copenhaver/Bell was an "employer" were threshold jurisdictional issues of the ADEA claim; proper procedure would have been to utilize the standards associated with a 12(b)(6) motion or a Rule 56 motion for summary judgment); *Miccosukee Tribe of Indians of Fla. v. U.S. E.P.A.*, 105 F.3d 599 (11th Cir. 1997) (finding that jurisdictional question was intertwined with merits of Tribe's claim and that district court should have applied a summary judgment standard when ruling on motion to dismiss as a factual attack on subject matter jurisdiction). *See contra Scarfo, supra*, 175 F.3d at 961 (finding that whether plaintiff was an employee was not an element of its Title VII cause of action and not a threshold jurisdictional issue).

showing that his injury cannot be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." *Heckler v. Ringer*, 466 U.S. 602, 617-28 (citing *Matthews v. Eldridge*, 424 U.S. 319, 330-332 (1976)). Alternatively, another basis for subject matter jurisdiction is the Mandamus Act, providing that a "district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Mandamus relief is only appropriate when plaintiff has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *Ringer,* at 616.[2]

   *C. Discussion*

   Plaintiff admits he did not exhaust his administrative remedies and this Court lacks jurisdiction under §405(g). And this Court may lack subject matter jurisdiction under the Mandamus Act too. *See Cash v. Barnhart*, 327 F.3d 1252, 1257-58 (11th Cir. 2003) (court determined that the ALJ had no duty to provide Cash with a hearing, and there was no mandamus jurisdiction). At this juncture, however, it is premature to determine whether mandamus relief is proper since it is unclear whether the SSA had a clear duty to act and failed to do so and whether Plaintiff exhausted all avenues of relief. While the Plaintiff alleges that Defendant "has refused to make a decision or issue an order from which the Plaintiff could exhaust his administrative remedies," some of the allegations in the complaint seem at odds with this conclusion and it may be that Plaintiff, not Defendant, failed

---

   [2] Jurisdiction clearly does not exist under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, which does not confer an independent basis of subject matter jurisdiction. *Bussey v. Harris,* 611 F.2d 1001, 1007 n.7 (11th Cir. 1980) citing *Skelley Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950), *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-40 (1937).

to act.[3]

Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Commissioner, and (2) the Commissioner has made a final decision on the claim.  To obtain a hearing, the claimant must (1) present a claim to the Commissioner and obtain an initial determination (20 C.F.R. § 404.900(a)(1)); (2) seek reconsideration (20 C.F.R. §§ 404.900(a)(2), 404.909, 404.920); and (3) after reconsideration, request a hearing before an administrative law judge (20 C.F.R. §§ 404.900(a)(3), 404.933).  The Defendant posits that the SSA did in fact render an initial determination from which Plaintiff could and should have requested reconsideration pursuant to 20 C.F.R. § 404.905, but from the pleadings filed to date, it is unclear what transpired between the parties prior to Plaintiff filing this lawsuit. As a result, it is necessary to supplement the record to determine whether jurisdiction is proper. Accordingly, the parties are directed to file within thirty (30) days copies of any and all correspondence or notices sent by the SSA to Plaintiff or to the SSA from Plaintiff regarding Plaintiff's application, suspension, receipt, and any overpayment of benefits for the time period of August 5, 1997, through the present, or any other evidence showing that subject matter jurisdiction is or is not proper in this Court.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Court defers ruling on Defendant's motion to dismiss (doc. 11) and directs the parties

---

[3] Plaintiff vaguely asserts he knew the Social Security Administration withheld money to recoup overpayment and informed him of its acts triggering Plaintiff's duty to request reconsideration.  *See* complaint ¶¶ 8, 11, and 13.

to supplement the record as set forth herein within thirty (30) days of this Order.

IT IS SO ORDERED at Tampa, Florida on this 13th day of December, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE